Le Roy **RICHARDS**, Plaintiff,

v.

**SHEBOYGAN COUNTY, Edward Stengel, Sheboygan County Sheriff's Department, Unknown Officer A, Unknown Officer B and the Honorable Ernest C. Keppler, Defendants.**

Civ. A. No. 85–C–81.

United States District Court,
E.D. Wisconsin.

Sept. 30, 1985.

---

George W. Curtis, Curtis-Wilde Law Offices, Oshkosh, Wis., for plaintiff.

James H. McDermott, Asst. Atty. Gen., Wis. Dept. of Justice, Madison, Wis., for defendant Keppler.

Charles H. Bohl, Frisch, Dudek & Slattery, Ltd., Milwaukee, Wis., for defendant Stengel.

Thomas J. Basting, Brennan, Steil, Ryan, Basting & MacDougall, S.C., Janesville, Wis., for defendants Sheboygan County, Sheboygan County Sheriff's Dept., Unknown Officer A, Unknown Officer B, and The Honorable Ernest C. Keppler.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Plaintiff has brought this action alleging a variety of claims in tort and deprivations of his and other parties' federal and state constitutional rights by Sheboygan County, the Sheboygan County Sheriff's Department, two unknown deputies, District Attorney Edward Stengel, and Circuit Judge Ernest Keppler. He seeks damages and injunctive relief. This court has jurisdiction under 28 U.S.C. §§ 1343(3), 1331 and 1332; the plaintiff shall be allowed to amend his second complaint to include this jurisdictional allegation.

Defendants Stengler and Judge Keppler have moved to dismiss this action against them and have renewed their motions in the face of plaintiff's motion to amend his complaint. Defendant Sheboygan County,

its Sheriff's Department and the two un-named deputies oppose plaintiff's motion to amend his complaint but have chosen not to file a brief in support of their position. The plaintiff shall be allowed to amend his complaint and the court will consider the defendants' pending motions accordingly.

Plaintiff alleges that the facts are as follows. On or around December 15, 1984 he was questioned about the alleged sexual assault of a 17 year old retarded boy who had worked on the plaintiff's truck farm for roughly two years. Plaintiff was later arrested without a warrant at his home, taken into custody at the Sheboygan County Jail, and brought before Judge Keppler on Tuesday, December 18, 1984. Although neither charges nor a complaint were filed against the plaintiff at that time, the Judge required him to post a $5,000 signature bond, not leave the state and not have any contact with the alleged victim of the assault. That evening the police again returned to the plaintiff's house to attempt to obtain a statement.

The plaintiff was ordered to appear in court on January 8, 1985 and at that time he requested that he be released or charged. The judge reduced his signature bond to $3,000, ordered the District Attorney to file a complaint in the matter by January 14, 1985, and ordered the defendant to return for a further hearing on January 15, 1985. The District Attorney failed to file a complaint by the 14th and the plaintiff was released from his bond on January 15, 1985.

The plaintiff has alleged that the treatment he received caused irreparable harm and that it reflects policies and procedures that the defendants continue to follow, and will follow, absent this court's intervention. He seeks damages, costs and attorney's fees for himself, declaratory judgment that the defendants' practices violate his and other similarily situated individuals' constitutional rights and a court order enjoining the defendants from enforcing the alleged unconstitutional policies in the future.

In his amended complaint he also seeks certification of a class action and requests a jury trial on his legal claims. As a preliminary matter, the court cannot act on the plaintiff's request for class certification until he has filed a motion setting forth the ground for such certification pursuant to Rule 23, Federal Rules of Civil Procedure.

■ The plaintiff did not request a jury trial in his original complaint although he did indicate that he intended to request one on the form he filed with the clerk of court when he instituted this action. Federal Rule of Civil Procedure 38 provides that a party who has failed to serve the other parties with a jury demand within ten days after the last pleading directed to the issue has waived his right to a jury trial. Plaintiff's amended complaint essentially restates the issues raised in his original complaint. Because he failed to inform the other parties of his desire for a jury trial and he has failed to present the court with any reasons why his tardy request should be granted, the court finds that he has waived his right to a jury.

■ Judge Keppler and District Attorney Stengel have asserted immunity from this action and moved to dismiss the complaint both as to the injunctive and monetary relief. Their motion as to damages will be granted as the court finds that the plaintiff's damage, if any, resulted from discretionary decisions those two defendants made in the course of performing their respective judicial, *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), and prosecutorial functions, *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

■ The court will also grant the defendants' motion to dismiss plaintiff's claim under 42 U.S.C. 1985(2) because the plaintiff has failed to allege any facts sufficient to support the conspiratorial threats or intimidation against a class that that section requires.

■ The court will, however, deny defendants' motion to dismiss plaintiff's request for declaratory and injunctive relief. Unlike suits for damages, no similar immu-

nity is available which would protect the defendants in the event the court were to make a finding that their policies resulted in, and would continue to result in, unconstitutional deprivations of plaintiff's and others' rights. *Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984).

Defendants' contention that plaintiff's appropriate remedy would have been a habeas corpus action is not persuasive in the context of this suit wherein plaintiff also seeks prospective relief for himself and others that would not be available through a habeas corpus action. Defendants' argument that the plaintiff is required to pursue his § 1983 claim in state court is without merit.

█ Plaintiff alleges that he was arrested without a warrant in his own home, brought before a judge on two occasions and ordered to appear a third time, that charges were never formally brought against him and that during this time his liberty and property were subject to the restrictions of a signature bond. Further, he alleges that the treatment he received reflects a general policy of the named defendants.

Liberally construing the plaintiff's pleadings, the court finds that he has alleged facts sufficient to raise federal questions as to the constitutionality of a policy which results in a class of plaintiffs' liberty being restricted in the manner plaintiff sets forth in his complaint. Read in a similar light the court finds that he has sufficiently alleged facts which form an actual controversy between the parties and one which is likely to cause irreparable harm to the plaintiff if relief is not granted.

It may be that plaintiff's class does not exist, that he cannot prove his allegations or that his was an isolated incident. At this stage of the proceedings, the court cannot yet say.

As such, and because the court finds that the changes suggested in his proposed amended complaint would not be futile, the court will allow the plaintiff to amend his complaint and deny the defendants' motion to dismiss the entire action.

Defendants Stengler and Judge Keppler's motion to dismiss will be granted insofar as the complaint asserts a cause of action against them for damages.

Because defendants Sheboygan County, the Sheboygan County Sheriff's Department and the deputies have chosen not to file a brief or a motion on this question the court is unable to speak to the applicability of the questions discussed in this opinion as to them. Although they've expressed a desire to rely upon the briefs filed by their co-defendants, the issues involved are not so similar as to allow the court to address their individual situations.

The court will, however, dismiss plaintiff's 42 U.S.C. 1985(2) claim as to all the defendants.

IT IS SO ORDERED.